COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


NELSON MAURICIO MELENDEZ
                                          MEMORANDUM OPINION* BY
v.        Record No. 0069-07-4        JUDGE ELIZABETH A. McCLANAHAN
                                               MARCH 25, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
H. Harrison Braxton, Jr., Judge

Charles C. Cosby, Jr. (Boone, Beale, Cosby & Long, on brief), for
appellant.

Josephine F. Whalen, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted Nelson Mauricio Melendez of driving while intoxicated (Code

§ 18.2-266), maiming another as a result of driving while intoxicated (Code § 18.2-51.4), and

leaving the scene of an accident involving personal injury (Code § 46.2-894). On appeal,

Melendez contends the trial court erred by improperly limiting defense counsel's cross-

examination of a witness for the Commonwealth, in violation of his Sixth Amendment right to

confront witnesses against him. Because defense counsel did not proffer the witness' answer to

the question in dispute, we affirm Melendez's convictions.

At the time of trial, the Commonwealth's witness, Victor Blanco, had criminal charges

pending against him. Defense counsel stipulated that the Commonwealth had made "no

promises" to Blanco regarding those charges in exchange for his testimony against Melendez.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

During cross-examination, defense counsel nevertheless asked Blanco, "when your case comes to court next week, you do expect a benefit in exchange for your testimony, isn't that true?" The Commonwealth objected to the question, and the trial judge sustained the objection, stating the question was speculative. Melendez contends the trial court erred in denying his counsel the right to cross-examine the witness in this manner, in violation of his Sixth Amendment right to confront this witness.

Defense counsel stated to the trial court that his question was intended to determine whether Blanco "expects in his own mind to receive a benefit from [testifying against Melendez]." However, defense counsel failed to make a proffer of what Blanco's testimony would have been. "'[A] party must proffer or avouch the evidence for the record in order to preserve the ruling for appeal; otherwise, the appellate court has no basis to decide whether the evidence was admissible.'" Lockhart v. Commonwealth, 34 Va. App. 329, 340, 542 S.E.2d 1, 6 (2001) (quoting Smith v. Hylton, 14 Va. App. 354, 357-58, 416 S.E.2d 712, 715 (1992)); see Molina v. Commonwealth, 47 Va. App. 338, 367-68, 624 S.E.2d 83, 97 (1996) ("The failure to proffer the expected testimony is fatal to [appellant's] claim on appeal."). Thus, as we have no proffer of the rejected evidence, we cannot review Melendez's claim on appeal.

Accordingly, appellant's convictions are affirmed.

Affirmed.